Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000114
25-OCT-2012
08:29 AM

CAAP-12-0000114 and CAAP-12-0000129

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CHRIS GRINDLING, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(S.P.P. NO. 10-1-0011(2); CR. NO. 98-0325(2))

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Leonard and Reifurth, JJ.)

Petitioner-Appellant Chris Grindling (Grindling) appeals from the "Findings of Fact, Conclusions of Law, and Order Dismissing Rule 40 Petition for Post-Conviction Relief" (Order Dismissing Petition) filed on February 3, 2012, in the Circuit Court of the Second Circuit (Circuit Court).[1] On appeal, Grindling argues that the Circuit Court erred in rejecting his claim that his conviction for first-degree terroristic threatening should be vacated because the trial court erred in

---

[1] The Honorable Shackley F. Raffetto presided.

failing to instruct the jury on an alleged lesser included offense of resisting arrest.[2/] We affirm.

I.

In the underlying criminal case, Grindling was convicted in 1999 of disorderly conduct (Count 1); first-degree terroristic threatening (Count 3); resisting arrest (Count 4); and second-degree terroristic threatening (Count 5). Grindling filed a direct appeal, in which he challenged his conviction for first-degree terroristic threatening on the grounds that: (1) his alleged threat was not a true threat; and (2) his convictions on both Count 3 and Count 4 violated the rule established in State v. Modica, 58 Haw. 249, 567 P.2d 420 (1997). The Hawai'i Supreme Court affirmed Grindling's conviction and sentence for first-degree terroristic threatening. State v. Grindling, No. 22573 (Hawai'i Aug. 10, 2000) (SDO). With respect to the Modica claim, the court held that the Modica rule was inapplicable because: "(a) Grindling's convictions of first degree terroristic threatening and resisting arrest were predicated upon separate and distinct conduct, and (b) the commission of resisting arrest did not invariably and necessarily constitute the commission of first degree terroristic threatening." Id.

On January 4, 2008, Grindling filed a petition for post-conviction relief (January 4, 2008, Petition) pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40 (2006) in S.P.P. No. 08-1-0001(2), in which he again challenged his first-degree terroristic threatening conviction. This court affirmed the Circuit Court's denial of Grindling's January 4, 2008, Petition. Grindling v. State, No. 29335 (Hawai'i App. Apr. 29, 2009) (SDO).

---

[2/] On October 9, 2012, this court issued an order granting Grindling's request to consolidate Appeal No. CAAP-12-0000114 and Appeal No. CAAP-12-0000129.

On July 22, 2010, Grindling filed the petition for post-conviction relief (Petition) that is at issue in this appeal.[3/]

II.

Grindling contends that the Circuit Court erred in rejecting his claim (set forth as Ground Three of his Petition) that his first-degree terroristic threatening conviction should be vacated. Grindling's claim was based on his contention that the trial court erred in failing to instruct the jury on resisting arrest as a lesser included offense of the first-degree terroristic threatening charged in Count 3.

Respondent-Appellee State of Hawaiʻi (State) asserts that both the State and the Circuit Court appear to have mistaken Grindling's claim in Ground Three as a Modica argument. The Circuit Court denied the claim based on the view that Grindling was making a Modica argument. The State, however, argues that this court should nevertheless affirm the Circuit Court's decision because the Circuit Court reached the correct result, even if for the wrong reason. See State v. Koch, 107 Hawaiʻi 215, 224, 112 P.3d 69, 78 (2005). We conclude that the Circuit Court reached the correct result and therefore affirm its decision.

Grindling did not raise his lesser-included-instruction claim on direct appeal or in his January 4, 2008, Petition. He did not show any extraordinary circumstances to justify his failure to previously raise this claim. Accordingly, Grindling waived this claim. See HRPP Rule 40(a)(3).

Moreover, we reject Grindling's claim on the merits. Resisting arrest is not a lesser included offense of first-degree terrorristic threatening. See HRS § 701-109(4)(a) (1993); State v. Hatori, 92 Hawaiʻi 217, 228, 990 P.2d 115, 126 (App. 1999). In addition, because Grindling was found guilty of the "greater"

---

[3/] Grindling has filed numerous other petitions for post-conviction relief and appeals related to his underlying criminal case.

first-degree terroristic threatening offense, any failure to instruct on any lesser included offense would be harmless error. See State v. Haanio, 94 Hawai'i 405, 415-16, 16 P.3d 246, 256-57 (2001).

III.

The Circuit Court's Order Dismissing Petition is affirmed.

DATED:   Honolulu, Hawai'i, October 25, 2012.

On the briefs:

Chris Grindling
Petitioner-Appellant Pro Se

*Craig H. Nakamura*
Chief Judge

Richard K. Minatoya
Deputy Prosecuting Attorney
County of Maui
for Respondent-Appellee

Associate Judge

Associate Judge